IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| DAVID WARD, for himself and others similarly situated | * | |
| PLAINTIFF | * | CIVIL ACTION FILE NO. 4-14-cv-192 (CDL) |
| v. | * | |
| HARRIS VENTURES, INC. d/b/a STAFF ZONE, & | * | Jury Trial Demanded |
| RYAN O. CHISM, individually. DEFENDANTS | * | |

## COMPLAINT

### INTRODUCTION

COMES NOW DAVID WARD, for himself and others similarly situated,

hereinafter designated and referred to as "Plaintiff", and brings this action as

against HARRIS VENTURES, INC. d/b/a STAFF ZONE, hereinafter designated

and referred to as "Staff Zone"  or "Harris" and RYAN CHISM, individually and

for cause respectfully shows as follows:

### NATURE OF COMPLAINT

1.

Plaintiff DAVID WARD ("Plaintiff"), individually and on behalf of all

others similarly situated, by his undersigned counsel, allege the following upon

personal knowledge as to his own acts and, as to all other allegations, upon information and belief and investigation by counsel, including a review of publicly available documents.

2.

Plaintiff brings this action pursuant to Section 216(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA") for unpaid wages, unpaid overtime compensation, prejudgment interest, liquidated damages, attorney's fees, and costs.

3.

Plaintiff, as a nonexempt employee, is a true Plaintiff, which Defendants have failed to compensate for all hours worked in excess of forty (40) hours each work week at one and a half times his regular rate of pay.

JURISDICTION

4.

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 in that it involves a Federal question arising under the laws of the United States.

PARTIES

5.

Plaintiff in this case is a male citizen of the United States and the State of Georgia.

6.

Defendant Harris Ventures, Inc. is a DOMESTIC corporation that has its

principal place of business located at 2650 Holcomb Bridge Road, Suite 630,

Alpharetta, Georgia 30022.  Defendant may be served with process at the office of

its registered agent for service of process:  HARRIS VENTURES, INC., C/O

MATTHEW ANDERSON, REGISTERED AGENT, 2650 HOLCOMB BRIDGE

ROAD, SUITE 630, ALPHARETTA, GA 30022.  Harris Ventures, Inc. does

business under the fictitious name 'Staff Zone' and is an employer for purposes of

FLSA liability.

7.

Defendant RYAN O. CHISM is a citizen of the State of Georgia, and may

be served with summons and process at his place of employment: RYAN CHISM

c/o STAFF ZONE, 719 THIRD AVENUE, COLUMBUS, GEORGIA 31901, or he

may be served at his place of abode: RYAN CHISM, 1255 Cedar Avenue, Unit 11,

Columbus, Georgia 31906.  Chism was Plaintiff's supervisor/boss and was

responsible for setting hours and preparing payroll; his duties, as such, make him

an employer for purposes of liability under the FLSA.

VENUE

8.

Venue in this case is proper under 28 U.S.C. § 1391(b) in that both

Defendants reside in this judicial district for purposes of venue determination and/or a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## ADMINISTRATIVE REQUIREMENTS

### 9.

This is an action for back wages under the FLSA, and as such, there are no administrative requirements to be exhausted before this action can be brought.

## FACTUAL BACKGROUND

### 10.

Plaintiff worked for Staff Zone for approximately 4 ½ years; during that time he was paid by the hour.  He earned minimum wage, $7.25/hour, for the regular time, and when he was paid a semblance of overtime, he was compensated at the rate of 1.5 times minimum wage or $10.879/hr.

### 11.

As far as record keeping by Defendants, Defendant Chism, among others employed by Defendant Harris, specifically instructed Plaintiff and others similarly situated to not punch a time clock or give any indication of his time when he arrived at work, nonetheless, he was expected to be at the Transitional Center for Inmates by 5:00 AM.  To that end Plaintiff would leave his house at 4:30 in the morning, which is compensable work related travel.

12.

Plaintiff would pick up inmates at approximately 5:00 AM and he would take them to work where they would be dispatched to perform various tasks for Defendant Harris by Defendant Chism, among others.

13.

Plaintiff would most often leave work at 8:00 PM in the evening after he had taken Staff Zone employees back to the Transitional Center or elsewhere.

14.

Sometimes during the day Plaintiff would have downtime or a break, but not often because his supervisor, Defendant Chism, would send him to the grocery store or he would send him to run some other personal errands.  If it happened that Mr. Ward did get to take a break during the day, Chism would call him back into the office and dispatch him to pick up a pack of cigarettes, or some similar personal errand.

15.

Plaintiff was at Chism's complete disposal the entire day from the time he left home until the time he got back home seven (7) days per week.

16.

Everyone in the same position as Plaintiff was paid for 55 hours per week by Defendants; drivers in Plaintiff's position were classified as non-exempt by

Defendants, and they were all 'given' 15 hours per week overtime.  However, in actuality, Plaintiff and others similarly situated averaged about 75 hours per week of time working for which Defendants did not compensate them save for 55 of the same.  This amounts to a failure to pay Plaintiff, and others similarly situated, for at least 20 hours of overtime per week.

17.

Plaintiff has knowledge and belief that Defendant Harris operates at least thirteen (13) other locations providing the same services as provided in Columbus, Georgia, and at each location there are at least four (4) individuals situated similarly to Plaintiff.

18.

Plaintiff was told specifically by Defendants and/or their agents that Staff Zone does not pay for more than 55 hours, regardless of how many hours are actually worked; furthermore, he was also informed that Staff Zone does not give any raises nor does anyone get vacations.

19.

Defendant Chism sets the pay rate and controls the payroll at the Columbus, Georgia location of Staff Zone, and is Defendant Harris' highest and best expression of authority in the Columbus, Georgia market.  His job duties and

responsibilities make him an employer within the meaning of the FLSA such that

he can be held personally liable for the damages Plaintiff suffered.

20.

Plaintiff was terminated from his position on or about June 19, 2014,

because he was hospitalized and was unable to report to work.

21.

By way of further example of Staff Zone and Chism's abuse of employees,

Plaintiff has personal knowledge that there is a company called Ace that did

cement work, and the last two (2) days of the job, the seven (7) employees from

the Transition Center who were sent out to help clean debris never were paid for

their time.

22.

A further illustration of Defendant Chism's mendacity is the fact that Chism

allows inmates from the Transition Center to pay him $15 to report that they were

working all day so that they did not have to report back to the Transition Center on

days that they may not be working the entire day.

23.

Plaintiff also has personal knowledge of Chism's purchasing stolen goods

and firearms for himself using checks drawn on Staff Zone accounts and

identifying the purchases as 'tools.'

UNPAID OVERTIME CALCULATION FOR PLAINTIFF

24.

Plaintiff worked for Staff Zone for 4.5 years prior to his termination due to his hospitalization.  During this time, he worked seven (7) days per week, up to fifteen (15) hours per day, almost every week of the year.  For purposes of FLSA overtime calculation, Plaintiff states that he worked 75 hours per week, 50 weeks per year.  Because Defendants' conduct at issue is deliberate, intentional, and designed to cause harm to Plaintiff and others similarly situated, Plaintiff is entitled to three years under the FLSA for back wages and liquidated damage.

25.

Plaintiff was compensated for 15 of the 35 hours per week overtime that he worked.  He was not compensated for 20 hours of the 35 hours per week of overtime he worked. Plaintiff was paid minimum wage, which meant that his overtime compensation was $10.879/hr.

$10.879 x 20 = $217.58 per week

26.

Plaintiff is owed $217.58 per week in unpaid overtime compensation for at least 50 weeks each year during the time he was employed by Defendants:

$217.58 x 50 = $10,879.00 per year in unpaid overtime.

27.

Because of Defendants' mendacity, Plaintiff is entitled to three (3) years under the FLSA for unpaid overtime of $10,879.00 per year:

$10,879.00 x 3 = $32,637.00 in total unpaid overtime.

28.

Also, because Defendants' conduct was intentional, Plaintiff is entitled to liquidated damages in the amount of twice the $32,637.00 in unpaid overtime owed to him:

$32,637.00 x 2 = 65,274.00 in unpaid overtime & liquidated damages.

29.

For this Plaintiff alone, Defendants are responsible for three (3) years of unpaid overtime at the rate of $10.879/ hour for 20 hours per week for 50 weeks per year for three (3) years, doubled for liquidated damages, to give a complete total of unpaid overtime and liquidated damages of $65,274.00; Plaintiff is also entitled to attorney's fees and costs.

30.

There are other individuals similarly situated to Plaintiff who, under the FLSA, are entitled to be compensated for their unpaid overtime at a similar rate and in a similar amount for similar hours.  There are at least four (4) other

individuals/positions at the Columbus, Georgia location alone; Plaintiff can adequately represent a class.

CLASS CONSIDERATIONS AND QUALIFICATIONS

31.

Plaintiff brings this action under 29 U.S.C. § 201 et seq. on his own behalf and on behalf a class of other employees similarly situated pursuant to 29 U.S.C. § 216(b).

32.

The named Plaintiff brings this action as a collective action on behalf of himself and all other similarly situated current or former employees who consent to representation, pursuant to 29 U.S.C. § 216(b). The named Plaintiff consents to participate in this suit and to represent the interests of the putative class.

33.

The consents of other similarly situated individuals to participate in this suit may be filed with the Court from time to time as they "opt-in" to this litigation, pursuant to 29 U.S.C. § 216(b).

34.

For more than three (3) years prior to the date of this lawsuit, Defendants knowingly, intentionally and willfully violated the FLSA by failing to pay persons

similarly situated to Plaintiff the overtime compensation to which they were entitled.

## 35.

Plaintiff seeks to represent a class including all current and former employees of Defendants who, during the last three (3) years, worked in nonexempt positions at Defendants' Columbus, Georgia, location, similar to Plaintiff, whose rights were violated because of Defendants' knowing, intentional and willful failure to pay them overtime compensation to which they were entitled, in violation of the FLSA.

## 36.

Plaintiff is an appropriate representative for current or former employees of Defendants who, for three (3) years prior to the date of this lawsuit, worked as a driver or in any other nonexempt functions similar to those that Plaintiff performed whose rights were violated because of Defendants' knowing, intentional and willful failure to pay them the regular and overtime compensation to which they were entitled, in violation of the FLSA.

## 37.

The potential class of plaintiffs consists of all current and former employees of Defendants in any location, but especially Defendants' Columbus, Georgia, location, who were employed at any time during the applicable limitations period

or during such period as the Court may designate pursuant to equitable tolling of

the limitations period and who worked in the positions listed herein and/or any

other nonexempt functions similar to those that Plaintiff performed, whose rights

were violated because of Defendants' knowing, intentional and willful failure to

pay them the regular and overtime compensation to which they were entitled, in

violation of the FLSA.

38.

Plaintiff and the above-described individuals of the class are "similarly-

situated employees" within the meaning of 29 U.S.C. § 216(b) of the FLSA.

39.

Defendants are in possession of the names, addresses, and employment

records of those persons similarly situated to Plaintiff whom Plaintiff seeks to

represent.

40.

Pursuant to 29 U.S.C. § 216(b) of the FLSA, those individuals are entitled to

court-administered notice of this lawsuit in order that they may elect to join as

Plaintiffs in prosecution of this of this action.

41.

The class of current and former employees of Defendants as described above

is not so numerous that joinder of all members would be impracticable.

42.

During the applicable periods of limitations prior to the commencement of this action, Defendants have employed a large number of employees in its Columbus, Georgia location.

43.

There are questions of the law and fact common to the class.

44.

The employment policies, practices, and agreements of Defendants raise questions of law and fact common to the class, including, but not limited to:

(A) whether Defendants engaged in a pattern or practice of failing to provide true and correct wage statements itemizing all wages earned and all deductions from wages for Plaintiff and the class;

(B) whether Defendants engaged in a pattern or practice of permitting Plaintiff and the class to work without payment for all time worked at the agreed rates or the applicable federal and state overtime rates; and

(C) whether Defendants knowingly, intentionally and willfully failed to pay Plaintiff and the class at the agreed wage or the applicable overtime rates for the work Defendants permitted them to perform.

45.

The claims of Plaintiff, as named representative, are typical to the claims of the class.

46.

Plaintiff's claims encompass the challenged practices and course of conduct of Defendants.

47.

The legal issues raised in this action apply equally to Plaintiff and the class members.

48.

Plaintiff as named representative will fairly and adequately protect the interests of the class.

49.

The prosecution of separate actions by individual members of the class would create a risk of inconsistencies or varying adjudication with respect to individual members of the class which would establish incompatible standards of conduct for Defendants.

50.

The prosecution of separate actions by individual members of the class would create a risk of adjudication with respect to individual members of the class

which would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair their ability to protect their interests.

## 51.

Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## 52.

Questions of law and fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## 53.

Thus, the determining factors meet the following test:

1.  Typicality: The violations and damages complained of herein are differing only in amounts due for aggregate hours depending on the length of employment of class members.

2.  Commonality: Each member of the class member workers was paid in the same manner as each other class member.

3.  Numerosity: Class adjudication is favored because of the burden on

judicial resources, the trouble and expenses of separate actions seeking identical

relief and the risk of varying adjudication productive of establishment of

inconsistent remedies and incompatible standards of conduct.

54.

Plaintiff also seeks attorney's fees and costs for pursing this action, as

provided for by the Fair Labor Standards Act.

THEORIES OF RECOVERY

Count I

The Fair Labor Standards Act of 1938, as amended.
29 U.S.C. §§ 201, et seq. ("FLSA")

55.

Plaintiff incorporates by reference the allegations contained in the above

paragraphs as if fully stated herein.

56.

Defendants' actions as set out above constitute an actionable violation of

The Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq.

("FLSA").

57.

As a result of Defendants' actionable conduct Plaintiff is entitled to damages

- general, compensatory, liquidated, and punitive - in an amount to be proven at trial and awarded according to the enlightened conscience of a jury.

58.

Plaintiff is also entitled to an award of litigation expenses and attorney's fees according to relevant law.

Count II

Punitive Damages

59.

Plaintiff incorporates by reference the allegations contained in the above paragraphs as if fully stated herein.

60.

Defendants' actions constitute willful misconduct, demonstrating wantonness, oppression, and the entire want of care which would raise the presumption or conscious indifference to the consequences that entitle Plaintiff to recover punitive damages pursuant to the punitive damage provisions of the statutory causes of action hereinabove stated.

Count III

Attorney's Fees and Expenses

61.

Plaintiff incorporates by reference the allegations contained in the above

paragraphs as if fully stated herein.

## 62.

Plaintiff is entitled to the costs and expenses associated with bringing and prosecuting this action, to include attorney's fees, pursuant to applicable law as contained within, and applicable to, the statutory causes of action contained herein above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, pray for judgment against Defendants as follows:

A.   An order certifying this case as a class/collective action under 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Class/Collective Members;

B.   Restitution to Plaintiff and Class/Collective Members;

C.   Actual damages and liquidated damages for injuries suffered by Plaintiff and Class/Collective Members;

D.   An order declaring the alleged acts and practices of Defendants to constitute a violation of the Fair Labor Standards Act;

E.   A permanent or final injunction enjoining Defendants, Defendants' agents and employees, affiliates and subsidiaries from continuing to harm Plaintiff and members of the Class/Collective in the manner set out herein above;

F.   An Order for Defendants' specific performance of its obligations as an employer of non-exempt employees under the FLSA;

G.   Reasonable attorney's fees and costs of this action;

H.      Statutory pre-judgment interest;

I.      That Summons issue and Defendants be served as by law provided;

J.      That Plaintiff be awarded judgment in his favor with respect to all
        contentions in this Complaint;

K.      That all issues triable by jury be tried by a jury of twelve persons; and

L.      For such other and further relief as the Court may deem just and proper.


        This 16th day of July, 2014.

                                        /S/John W. Roper
                                        John W. Roper
                                        Georgia Bar No:  614159

The Roper Law Firm
5353 Veterans Parkway, Suite D
Columbus, Georgia 31904
(706) 596-5353
johnroper@roperlaw.com

## VERIFICATION

    **PERSONALLY APPEARED** before the undersigned officer authorized to administer oaths in and for said County and State, the undersigned party litigant, who being duly sworn and put to oath, does depose and say that the allegations made in the above foregoing pleading are true and correct to the best of the party's knowledge and belief.

        This 16th day of _____ July _____ 20 14.

                                        **DAVID WARD**

Sworn to and subscribed before me
this 16 day of _July_ 20 14.

_____
**Notary Public, State of Georgia**
My commission expires: 2-11-2018